UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Lisa A. Kenney</u>

    v.                                        Civil No. 16-cv-342-JL

<u>Massachusetts State Police et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

Pro se plaintiff Lisa A. Kenney has filed a complaint (doc. no. 1), an addendum to the complaint (doc. no. 6), and a motion to subpoena records (doc. no. 7), which includes factual assertions that the court construes as a complaint addendum. The complaint and those addenda (doc. nos. 1, 6, and 7) are before the court for preliminary review. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). Ms. Kenney has also filed a motion for a preliminary injunction (doc. no. 2), which is here for a report and recommendation as to disposition. <u>See</u> July 27, 2016, Order (doc. no. 5).

---

[1] Defendants named in their individual and official capacities are: the Massachusetts State Police ("MSP"); MSP Col. Richard McKeon; MSP Trooper David Manning; MSP Sgt. Charles F. Kane; MSP Trooper William P. Kenney, Jr.; Robert Long, President, Robert Long Investigations, LLC; Robert Cerullo, President, 20-20 Investigations; and Attorney Kathleen M. Morrissey, President, Law Offices of Kathleen Morrissey.

I.    **Preliminary Review and Identification of Claims**

   A.    **Standard**

   The magistrate judge conducts a preliminary review of complaints filed in forma pauperis.  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, the action is frivolous or malicious, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

   B.    **Background**

   Ms. Kenney lived in Massachusetts until she moved to New Hampshire in 2013.  Most of the allegations in the complaint relate to matters that occurred while Ms. Kenney lived in Massachusetts, and all of the defendants named by Ms. Kenney are Massachusetts residents.

Ms. Kenney alleges that defendant Massachusetts State Police ("MSP") Trooper William Kenney, is her ex-husband.  They separated in 1998 and later divorced.  Ms. Kenney alleges that her ex-husband's divorce attorney, Attorney Kathleen Morrissey, abused the Massachusetts probate court process to harass Ms. Kenney in 2010.  Ms. Kenney further alleges that private investigators, including defendant Robert Long, watched her as recently as 2009 at her ex-husband's behest, in connection with an effort to interfere with her social security disability benefits and/or her efforts to increase the amount of child support she was receiving.

Ms. Kenney states that she had a romantic relationship with defendant MSP Sgt. Charles Kane in 2006-2007, that she dated MSP Trooper David Manning for a period of time in 2007, and that neither of those relationships ended amicably.  She alleges that prior to 2010, Manning admitted that he had hacked her bank and email accounts and had access to her home and car.  Ms. Kenney claims that, beginning in 2010, Kane, Manning, and/or her ex-husband, intensified their efforts to track her daily activities after she filed a motion in probate court in Massachusetts requesting an increase in child support, and after she filed police misconduct complaints asserting that those individuals

were harassing her in and near her home, and through the internet.

Ms. Kenney specifically alleges that a third party, named "Darcy" or "Tippy," acting at Manning's behest, broke into her car and home in Massachusetts in 2010, took things, and put a surveillance camera into her bathroom. Ms. Kenney alleges that images of her using the bathroom have been published on the internet and are the topic of internet postings she attributes to defendants or their agents. She alleges that videos of her or other women engaged in sexual acts, taken without consent, were published on the internet in 2008 by the defendant police officers and their operatives.

Ms. Kenney alleges that since about 2010, she has filed numerous misconduct complaints about Manning's, Kane's, and her ex-husband's misuse of authority and surveillance techniques. Her complaints to MSP Col. Richard McKeon have not yielded corrective action, and she alleges her requests for internal MSP investigations have been ignored.

Ms. Kenney asserts that since she moved to Manchester, New Hampshire, in 2013, Manning arranged for different third parties, including her neighbor, "Angel" or "Angel Phillips," to place surveillance cameras in and around her property. She

alleges one such camera mounted near Angel's door shows her coming in and out of her front door, and she has interpreted public internet posts to indicate that Manning and his agents plan to use a submersible camera to record her bathroom activities.  Angel, she alleges, has stood outside her door, at Manning's behest, threatening to shoot and kill her, and uses epithets and slurs she recognizes as things Manning has said.  Ms. Kenney states that a new drill hole has appeared near the shower in her apartment.  As there is no camera in that hole, she claims the drill hole is simply there to harass her.

  The Complaint includes six pages of bizarre or offensive internet postings from sources that appear to include "isitnormal.com" and "providence.craigslist.org."  Ms. Kenney states that the photocopies are exhibits of a large collection of coded postings she has found on websites, including craigslist and eBay, which she believes have been authorized by Manning and other police operatives.  All of the postings but one -- which lacks a date -- appear to have been downloaded in 2010; most are written by people who do not appear to have used real names; and none of them appears on its face to have been written by or to any party in this case, about any matter at issue here.  Ms. Kenney alleges that in such postings,

defendants and other unnamed police officers, using pseudonyms and a coded manner of writing decipherable by Ms. Kenney, have directed their agents on a daily basis to stalk, harass, threaten, and steal things from her, through public postings on craigslist.

    In the complaint (doc. no. 1) and in a complaint addendum (doc. no. 6), plaintiff reproduces names of more than fifty eBay accounts, connected with addresses all over the United States, Canada, and the United Kingdom, that she claims are owned by defendants and other police officers.  Plaintiff further alleges that she has collected 20 million eBay transactions associated with an unnumbered set of eBay account names she claims she was able to link with coworkers of her ex-husband because they bought things from her through eBay thirteen years ago.  She asserts that these eBay accounts are used to target her for harassment through eBay postings, to transmit coded messages to paid operatives to stalk and harass her on a daily basis, and for "passing money" through PayPal without "selling anything." The account names reproduced or referenced in the complaint are comprised of letters, words, and numbers that Ms. Kenney believes relate to events in her life, to personal information about her and/or the defendants, or to epithets, slang, and

slurs used in craigslist posts that she attributes to Manning.

### C. Identification of Claims

Ms. Kenney asserts claims that her substantive due process rights, and her right not to be subjected to illegal searches and seizures by police officers, have been violated. Ms. Kenney alleges that these violations arise from defendants' use of illegal surveillance and other invasions of her privacy. Specifically, she claims that defendants, or their agents, have: threatened, stalked, and harassed her; orchestrated illegal sting operations; posted obscene images of her on the internet; derided her and her daughter on the internet; stolen from her; and vandalized and trespassed on her property in Massachusetts and New Hampshire. She further asserts that defendants have retaliated against her for reporting misconduct, and that defendants misused court processes in Massachusetts. She seeks relief on behalf of herself and her daughter.

### D. Claims Asserted on Behalf of Plaintiff's Daughter

As she is proceeding without a lawyer, plaintiff cannot assert claims on behalf of her daughter. See 28 U.S.C. § 1654; LR 83.2(d). The claims asserted on behalf of her daughter should therefore be dismissed without prejudice.

### E. Events Predating Plaintiff's Move to New Hampshire

#### 1. Statute of Limitations

The majority of plaintiff's claims stem from events that happened before she moved to New Hampshire in 2013. Those claims are generally time-barred. See Buntin v. City of Boston, 813 F.3d 401, 406 (1st Cir. 2015) (three-year statute of limitations applies to claims for relief under 42 U.S.C. § 1983, arising in Massachusetts); Shay v. Walters, 702 F.3d 76, 80 (1st Cir. 2012) (statute of limitations for tort actions in Massachusetts is three years, which starts to run when events have occurred that were reasonably likely to put plaintiff on notice that someone may have caused her injury). Plaintiff alleges facts establishing that she became aware of her injuries and/or the invasion of her rights prior to her move to New Hampshire, on or about the time when she alleges the she became the target of surveillance, harassment, stalking, retaliation, and posting of images and text on the internet. Accordingly, claims arising out of those events alleged to have occurred on or before July 26, 2013 (three years prior to Ms. Kenney's filing of this action on July 27, 2016), should be dismissed as precluded by the relevant three-year statute of limitations.

  **2.**  **Venue**

An additional ground for dismissing all of Ms. Kenney's claims arising out of the events she alleges occurred in Massachusetts is improper venue. "In cases involving multiple claims and defendants, the plaintiff bears the burden of demonstrating that venue is proper with respect to each claim and each defendant." Get In Shape Franchise, Inc. v. TFL Fishers, LLC, No. CV 15-12997-PBS, 2016 U.S. Dist. LEXIS 30132, at *33-*34, 2016 WL 951107, at *12 (D. Mass. Mar. 9, 2016). All of the defendants named by plaintiff reside in Massachusetts, and all of the events predating plaintiff's move to New Hampshire in 2013 occurred in Massachusetts. Cf. 28 U.S.C. § 1391 (civil action may be brought in district where all defendants reside, substantial part of events occurred or substantial part of property is situated, or where any defendant is subject to court's personal jurisdiction if venue is not otherwise proper in any court). Plaintiff's claims arising from those events in Massachusetts should be dismissed, as plaintiff has not shown that this court provides the proper venue for those claims.

  **F.**  **State Agencies and Official Capacity Damages Claims**

Plaintiff's claims asserted against the Massachusetts State

Police and her damages claims against the defendant state officers in their official capacities should be dismissed, as such claims are barred by the Eleventh Amendment. See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014); Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010).

### G. Failure to Investigate/Prosecute

Ms. Kenney asserts that defendant MSP Col. McKeon's failure to investigate and prosecute her claims has violated her federal constitutional rights. Plaintiff, however, does not have a protected interest in having alleged wrongdoers investigated or prosecuted. Cf. Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Accordingly, Ms. Kenney's federal claims arising from her allegations of inaction on her misconduct complaints should be dismissed for failure to state a claim.

### H. Remaining Claims

This court may dismiss claims asserted in complaints filed without prepayment of the filing fee, if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Ms. Kenney's

remaining claims, relating to events she alleges occurred within the last three years, and in New Hampshire, are appropriately dismissed, pursuant to § 1915(e)(2).

Plaintiff has alleged that defendant Massachusetts State Police troopers and other police officers, and their agents, cloaked in anonymity, have used seemingly inconsequential and/or mean-spirited comments on the internet, with common or idiosyncratic typing errors and misspellings, to transmit coded messages through postings on publicly accessible internet sites, to tell paid miscreants to burglarize and threaten plaintiff, and to stalk, harass, and/or install a submersible camera in her shower or toilet. Such allegations, construed in the context of plaintiff's strained explanation of how she decodes those postings and identifies the authors and intended readers, are wholly incredible and appear to be the product of delusion.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)).

While this court has no reason to question the intensity

and sincerity of plaintiff's self-described fear for her safety and security, plaintiff has failed to state any claim upon which this court may grant relief. Her complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II. <u>Preliminary Injunction</u>

To obtain a preliminary injunction, a plaintiff must establish a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, a showing that the balance of equities tips in plaintiff's favor, and a showing that an injunction is in the public interest. <u>Glossip v. Gross</u>, 135 S. Ct. 2726, 2736 (2015). "'[T]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate'" a likelihood of success on the merits, "'the remaining factors become matters of idle curiosity.'" <u>Sindicato Puertorriqueño de Trabajadores v. Fortuño</u>, 699 F.3d 1, 10 (1st Cir. 2012) (citation omitted). The burden of proof on a motion for preliminary injunction is on the movant. <u>See</u> <u>Esso Std. Oil Co. v. Monroig-Zayas</u>, 445 F.3d 13, 18 (1st Cir. 2006).

For the reasons discussed above, Ms. Kenney's filings in this matter fail to state any claim upon which relief can be granted by this court. Ms. Kenney has thus failed to

demonstrate a substantial likelihood of success on the merits, and for that reason, the motion for a preliminary injunction (doc. no. 2) should be denied.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action and should deny the motion for a preliminary injunction (doc. no. 2). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 5, 2016

cc: Lisa A. Kenney, pro se